KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

RICHARD J. CUTLER (CSN 146180)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6867
   Facsimile: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ALLEN CALLOWAY, ) <br> ) <br> Defendant. ) <br> ) | No. CR. 05-00167 WHA (EMC) <br><br> DETENTION ORDER |

On November 30, 2005, the Court held a detention hearing and received evidence in the form of the United States's proffer, the Defendant's proffer, and a report by United States Pretrial Services.

Having considered the parties' proffers, the Pretrial Services Report, and the files and records in this matter, the Court finds by a preponderance of the evidence that Defendant is a risk of flight and by clear and convincing evidence that Defendant presents a danger to the community that cannot be mitigated by available conditions and the Court hereby **ORDERS** him detained. In so holding, the Court has considered the following factors:

1.    On October 27, 2005, a federal grand jury returned a multiple count indictment charging Defendant Allen Calloway with, *inter alia,* a violation of 21 U.S.C. § 846 (Conspiracy to Distribute and to Possess With Intent To Distribute Cocaine Base, Marijuana, and Ecstasy) (Count One).  Because the maximum penalty for this violation is a term of ten years or more under the Controlled Substances Act, there is a rebuttable presumption that "no conditions or combination of conditions will reasonably assure the appearance of the person and safety of the community."  18 U.S.C. § 3142(e).

2.    The Defendant is subject to a mandatory minimum of ten years imprisonment for Count One of the indictment.  Because he faces a potential life sentence and a mandatory prison term of at least ten years, he has an incentive to flee.

3.    The government also proffered that Defendant is an admitted member of a violent criminal street gang known as "Down Below Gangsters" (DBG).  The indictment charges other members of DBG with a conspiracy to kill witnesses.  Although there is no evidence of direct involvement in any such violent activity by Defendant, the admitted association with DBG raises a significant risk to community safety, particularly when coupled with Defendant's criminal history establishing continued involvement with guns.

4.    The government also proffered evidence that on a prior state offense for weapons possession, an arrest warrant had been issued for Defendant and Defendant's mother was informed of this fact.  Despite that, according to the government, Defendant did not turn himself in and was arrested as a fugitive months later at which time he told the police officers, in sum and substance, that he had lost twenty pounds running from them.

5.    While the Defendant does have family in the area and his mother stated that she would be Defendant's custodian and would be willing to sign a bond guaranteeing Defendant's appearance, the Court was concerned with the information in the government's proffer, detailed above in paragraph number 4, that Defendant's mother, on a prior occasion, was aware of a warrant for defendant's arrest and she did not effectuate a voluntary surrender by Defendant.  Therefore, while Defendant's mother has offered to sign an unsecured bond, given the risks discussed above, the Court does not find the proposal adequate.  It does not appear that she has the ability to

control Defendant's conduct.

6. As noted above, the Court is concerned with Defendant's criminal history. Specifically, there is an escalating series of serious arrests and convictions in 2002, 2003, and 2004, all of which involved weapons possessions, the last two of which resulted in felony convictions. Those two convictions occurred while Defendant was on probation for the first gun offense. He violated his parole in February, 2005.

7. To be sure, Defendant did not resist arrest and was not found with any weapons or drugs, and Defendant proffers he is not an active participant in DBG. Nonetheless, given his record, his prior unresponsiveness to a prior warrant, and the lack of appropriate custodian and sureties, the Court finds by a preponderance of the evidence that Defendant poses a serious risk of flight and by clear and convincing evidence a danger to the community, and that no currently available condition or combination of conditions will reasonably assure the appearance of defendant as required or ensure the safety of the community if he were released.

If other adequate conditions mitigating these risks addressing the concerns expressed herein can be fashioned, Defendant may seek reconsideration.

Accordingly, IT IS HEREBY ORDERED that Defendant shall remain in the custody of the United States Marshal Service until the completion of these criminal proceedings.

IT IS SO ORDERED

DATED: December 7, 2005

EDWARD M. CHEN
United States Magistrate Judge

3