**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDGAR DIAZ, RICKEY ROLLINS, DON JOHNSON, ROBERT CALLOWAY, DORNELL ELLIS, EMILE FORT, CHRISTOPHER BYES, PARIS RAGLAND, RONNIE CALLOWAY, ALLEN CALLLOWAY, and REDACTED DEFENDANTS Nos. ONE & TWO,

    Defendants.

No. CR 05-00167

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNTS OF INDICTMENT FOR INSUFFICIENCY, DUPLICITY, AND MULTIPLICITY**

## INTRODUCTION

In this criminal conspiracy action, defendant Allen Calloway moves to dismiss counts one and three of the second superceding indictment for reasons of insufficiency, duplicity and multiplicity. Count one alleges conspiracy to distribute cocaine base, marijuana and ecstacy in violation of 21 U.S.C. 846. Count three alleges conspiracy to use, carry and possess firearms during and in relation to a drug conspiracy in violation of 18 U.S.C. 924(o). For the reasons stated herein, defendant's motion is **DENIED**.

## STATEMENT

On October 27, 2005, defendants were accused in the 86-count second superceding indictment of participation in three main conspiracies: count one, conspiracy to distribute and

1  possess with intent to distribute cocaine base, marijuana and ecstacy in violation of 21 U.S.C.
2  846; count two, conspiracy to participate in a racketeer influenced and corrupt organization in
3  violation of 18 U.S.C. 1962(d); and count three, conspiracy to use, carry and possess firearms
4  during and in relation to a drug conspiracy in violation of 18 U.S.C. 924(o).  Movant Allen
5  Calloway is charged in counts one and three, in count 44 for possession of marijuana with intent
6  to distribute, 21 U.S.C. 841(a)(1), 841(b)(1)(D), and in count 45 for possession to distribute
7  marijuana within 1,000 feet of a public elementary school, a public housing facility or a
8  playground, 21 U.S.C. 860(a).  Movant asks the Court to dismiss counts one and three on the
9  basis of insufficiency and duplicity, and to dismiss count three for multiplicity.  This motion
10 was joined by defendants Ronnie Calloway, Dornell Ellis, and Don Johnson.

**ANALYSIS**

12 An indictment "must be a plain, concise and definite written statement of the essential
13 facts constituting the offense charged."  FRCrP 7(c)(1).

**1.    SUFFICIENCY.**

**A.    Count One.**

16 Count one of the operative indictment alleges a conspiracy to distribute and possess with
17 intent to distribute cocaine base, marijuana and ecstacy in violation of 21 U.S.C. 846.  "An
18 indictment under 21 U.S.C. 846 is sufficient if it alleges:  a conspiracy to distribute drugs, the
19 time during which the conspiracy was operative and the statute allegedly violated, even if it fails
20 to allege . . . any specific overt act in furtherance of the conspiracy."  *United States v. McCown*,
21 711 F.2d 1441, 1450 (9th Cir. 1983) (internal quotation marks omitted).

22 Movant first argues that count one of the indictment is insufficient because it fails to
23 allege the agreement and the scope of the agreement with any specificity.  Movant cites *United*
24 *States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979), in which the indictment was insufficient because
25 it made only two specific allegations relating to the conspiracies and failed to state any other
26 facts or circumstances pertaining to the conspiracies or any overt acts done in furtherance
27 thereof.  The indictment failed to give the defendants proper notice of the charges against them.
28 *Id*. at 1297.

2

This is not true of count one of the indictment in the instant case. Here, the indictment provides a time frame "beginning at a time unknown to the Grand Jury, but no later than 1998, and continuing thereafter up to and including October 2005" (Indictment 2). Only the beginning date of the conspiracy is somewhat unclear. This is similar to *Cecil,* in that the time frame is not completely definitive. This uncertainty is not, however, as pervasive as were those in *Cecil*. The indictment there was found to be essentially barren due to a vague time frame, with dates open on *both* ends, *and a lack of additional allegations*. *Cecil*, 608 F.2d at 1297. In the instant case, the indictment clearly alleges a conspiracy by the defendants to distribute and possess with intent to distribute cocaine base, marijuana and ecstacy. The indictment also alleges some 73 overt acts. While count one of the indictment alleges a time frame beginning no later than 1998 and continuing up to and including October 2005, the alleged overt acts of count one occur in the discrete seven-year period from June 1998 until May 2005. This clearly narrows the focus of the conspiracy. *United States v. Laykin*, 886 F.2d 1534 (9th Cir. 1989) (holding that eighteen overt acts sufficiently limited time frame of indictment and gave defendants notice of scope of charges).

Movant further argues that even a discrete seven-year period is too broad a period to give defendants sufficient notice of the charges against them to enable them to prepare their defense. While the Ninth Circuit has not directly addressed the issue of time period in this manner, in *United States v. Zemek*, 634 F.2d 1159 (9th Cir. 1980), the court upheld a conviction based on an indictment that charged fifteen defendants with conspiring over a seven-year period. The instant case charges only twelve defendants over an approximately seven-year period. This issue has however been directly addressed by the Seventh Circuit. In *United States v. Roman*, 728 F.2d 846 (7th Cir. 1984), the court found that a conspiracy allegedly spanning eleven years and five months did not make the indictment insufficient. The court states that "the fact that the conspiracy was successful should not prohibit the government from prosecuting all individuals connected with conspiracy for the entire period of time the conspiracy existed." *Id*. at 851. The Court finds this holding to be persuasive. Counts one and three allege an approximate seven-

3

1  year time frame with alleged overt acts occurring throughout the period. There is no reason that
2  this period should be considered too broad.
3        The operative indictment provides the goals of the conspiracy, the ways, manner and
4  means to accomplish the conspiracy, and a list of 73 overt acts, occurring in a discrete time
5  period relating to the conspiracy. Movant Allen Calloway is specifically identified in four overt
6  acts in count one and three overt acts, re-alleged from count one, in count three. These
7  allegations include three possessions of firearms, on or about specific dates, in order to preserve,
8  protect and enhance the power, territory, and reputation of the conspiracy and its members, and
9  one possession of marijuana with intent to distribute. Together, this information is more than
10 sufficient to give movant and other defendants proper notice of the charges against them.
11       Finally, movant argues that count one is fatally insufficient because it does not allege the
12 particular roles of various defendants in the conspiracy. Movant cites no caselaw for this
13 argument. It is without merit. The indictment does not have to allege the particular roles of
14 defendants in the conspiracy. The indictment need only allege a conspiracy to distribute drugs,
15 the time during which the conspiracy was operative, and the statute allegedly violated. *McCown*,
16 711 F.2d at 1450. Count one of the operative indictment alleges a conspiracy to distribute drugs,
17 an approximate seven-year time period during which the conspiracy was operative, and the
18 statutes allegedly violated (Indictment 2–3). This is sufficient.

19       **B.**    **Count Three.**

20       Count three of the indictment alleges a conspiracy to use, carry and possess firearms
21 during and in relation to a drug conspiracy in violation of 18 U.S.C. 924(o). Movant argues that
22 due to the approximate seven-year time period and lack of information on the defendants'
23 alleged roles in the conspiracy, count three does not give sufficient notice of the alleged
24 objectives of the agreement, when the defendants are alleged to have joined the agreement or the
25 scope of the agreement. Movant again cites no caselaw for this argument, and, again, the
26 argument is without merit.
27       An indictment is sufficient if it, "read as a whole and construed according to common
28 sense," states the elements of the offense charged with sufficient clarity to notify the defendant

4

1  of the charges against him so that he can prepare his defense. *Echavarria-Olarte v. Reno*, 35
2  F.3d 395, 397 (9th Cir. 1994). Count three alleges a conspiracy to use, carry and possess
3  firearms during and in relation to a drug conspiracy, and clearly cites several objectives of the
4  conspiracy including retaliation, intimidation, and enforcing discipline (Indictment 39).
5  Fifty-seven overt acts, re-alleged from count one, further clarify defendants' involvement in the
6  conspiracy. Read as a whole, count three is more than sufficient.

7  Next, movant argues that the insufficiency of count three will result in variance and
8  constructive amendment at trial. He states that "if the indictment alleges a conspiratorial
9  agreement but proves that the defendants possessed firearms for their own use, a prejudicial
10  variance has occurred" (Br. 13). He cites several decisions relating to prejudicial variance and
11  constructive amendment, all of which relate to issues raised at trial but draws no further
12  conclusions (Br. 12–13). Issues of prejudicial variance and constructive amendment cannot, as a
13  matter of law, arise until trial. They are not ripe for decision on the instant motion to dismiss,
14  which addresses only the validity of the indictment. At oral argument, movant recognized that
15  this argument would be better brought at a later date.

16  **2.    DUPLICITY.**

17  Movant argues that both count one and count three are duplicitous in that each count
18  charges two or more distinct offenses. Movant states that counts one charges multiple
19  conspiracies because the substantive counts show several defendants entering into multiple
20  agreements to commit separate crimes. Movant never specifically addresses count three.
21  Movant cites *United States v. Kearney*, 560 F.2d 1358 (9th Cir. 1977), *United States v. Zemek*,
22  634 F.2d 1159 (9th Cir. 1980), and several other decisions that discussed how duplicity can be
23  distinguished at trial. Nothing in those decisions, however, considered the issue from the
24  perspective of a motion to dismiss.

25  On its face, the indictment charges only one offense for each count. Count one charges
26  conspiracy to distribute cocaine base, marijuana and ecstacy in violation of 21 U.S.C. 846.
27  Count three charges conspiracy to use, carry and possess firearms during and in relation to a
28  drug conspiracy in violation of 18 U.S.C. 924(o) (Indictment 2, 38). Movant argues, however,

5

that "it is anticipated" that evidence at trial will show that count one and three each contain multiple unrelated conspiracies (Br. 13). "The question whether a single conspiracy, rather than multiple conspiracies, has been proved is a question of sufficiency of evidence" and should therefore be addressed at trial. *United States v. Begay*, 42 F.3d 486, 501 (9th Cir. 1994). At oral argument, movant, again, recognized that this issue would be better brought at a later date.

### 3. MULTIPLICITY.

If a single offense is charged in more than one count of an indictment, the indictment violates the rule against multiplicity. Such indictments are defective because they allow the defendant, if convicted on both counts, to suffer multiple punishments for the same crime, in violation of the Double Jeopardy Clause of the Fifth Amendment. *United States v. Stewart*, 420 F.3d 1007, 1012 (9th Cir. 2005).

Movant argues that the charges in counts one and three each charge the same offense and therefore violate the Double Jeopardy Clause and the rule against multiplicity. Movant relies heavily on *United States v. Alerta*, 96 F.3d 1230 (9th Cir. 1996). The holding on which he relies was explicitly overturned in *United States v. Arlt*, 252 F.3d 1032 (9th Cir. 2001).

Where the legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those statutes proscribe the "same" or similar conduct, the court may impose cumulative punishment under such statutes in a single trial without violating the Double Jeopardy Clause. *Missouri v. Hunter*, 459 U.S. 359 (1983). The statutory language of 18 U.S.C. 924, which makes it illegal to conspire to use, carry and possess firearms during and in relation to a drug conspiracy, clearly provides for punishment in "addition to the punishment provided for such crime of violence or drug trafficking crime." The indictment in the instant case charges conspiracy to distribute cocaine base, marijuana and ecstacy in violation of 21 U.S.C. 846, in count one, and conspiracy to use, carry and possess firearms during and in relation to a drug conspiracy in violation of 18 U.S.C. 924(o), in count three. The language shows that a violation of 18 U.S.C. 924 is an additional crime in furtherance of the drug conspiracy. Clearly, Congress intended 18 U.S.C. 924 to be cumulatively punishable with any

drug trafficking crime, including a violation of 21 U.S.C. 846. The combination of counts one and three therefore does not violate the Double Jeopardy Clause or the rule against multiplicity.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated:  June 30, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE